IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

Bryan Hacker                                    )
4115 N. 16th  Place                             )
Arlington, VA  22207                            )
                    Plaintiff,                  )
                                                )
        v.                                      )        Civil Action No.  1:07-CV-01113-JDB
                                                )
Raise the Bar, LLC                              )
d/b/a Coyote Ugly                               )
717 6th Street, N.W.                            )
Washington, DC 20001                            )
                                                )
        And                                     )
                                                )
Ugly, Inc.                                      )
2640 U.S. Route 9W                              )
Cornwall, NY 12518                              )
                                                )
        And                                     )
                                                )
Jennifer Worthington                            )
3012 S. Rancho Road                             )
Las Vegas, NV 89102                             )
                                                )
        And                                     )
                                                )
Andre Johnson                                   )
717 – 6th Street, N.W.                          )
Washington, DC 200011                           )
                    Defendants.                 )
                                                )

## ANSWER OF DEFENDANT UGLY, INC.

Defendant Ugly, Inc. (hereinafter "Defendant"), by counsel, answers the

Amended Complaint herein as follows:

347647v.1

## First Defense

The Amended Complaint, and each and every Count thereof, fails to state a claim against Defendant upon which relief can be granted.

## Second Defense

For answer to the separately-numbered paragraphs of the Amended Complaint, Defendant states as follows:

1.      This Defendant admits, upon information and belief, that the Defendant identified in the Amended Complaint as Raise the Bar, LLC, was the owner and/or operator of the establishment known as Coyote Ugly located at 717 6th Street, N.W. Washington, DC.

2.      Denied.  For further answer, Ugly, Inc., is the owner of the Trademark and Service Mark "Coyote Ugly," which it licensed to Raise the Bar, LLC, for its use in connection with the establishment known as "Coyote Ugly" located at 717 6th Street, NW, Washington DC 20001.  Ugly, Inc., did not control the day-to-day operations of Coyote Ugly and/or direct and/or supervise the performance of the Coyote Ugly's employees and/or the manner in which the work was done; did not select or engage Coyote Ugly's employees; did not pay the wages of Coyote Ugly's employees; and did not have the power to retain and/or discharge the Coyote Ugly's employees.

3. The allegations set forth in paragraph 3 of the Amended Complaint relate to a party other than Defendant, and therefore require no response.  To the extent that a response is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Amended Complaint, the legal effect of which is to deny the same.

2

4.    The allegations set forth in paragraph 4 of the Amended Complaint relate to a party other than Defendant, and therefore require no response.  To the extent that a response is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Amended Complaint, the legal effect of which is to deny the same.

5.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Amended Complaint, the legal effect of which is to deny the same.

6.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Amended Complaint, the legal effect of which is to deny the same.

7.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Amended Complaint, the legal effect of which is to deny the same.

8.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Amended Complaint, the legal effect of which is to deny the same.

9.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Amended Complaint, the legal effect of which is to deny the same.

## COUNT I
### (Assault)

3

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

10.    Denied.  To the extent that the allegations set forth in paragraph 10 of Amended Complaint relate to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to such allegations, the legal effect of which is to deny the same.

## COUNT II
### (Battery)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

11.    Denied.  To the extent that the allegations set forth in paragraph 11 of Amended Complaint relate to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to such allegations, the legal effect of which is to deny the same.

## COUNT III
### (Negligence)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

12.    Denied.  To the extent that the allegations set forth in paragraph 12 of Amended Complaint relate to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to such allegations, the legal effect of which is to deny the same.

13.    Denied.  To the extent that the allegations set forth in paragraph 13 of Amended Complaint relate to parties other than Defendant, Defendant is without

4

knowledge or information sufficient to form a belief as to such allegations, the legal effect of which is to deny the same.

## THIRD DEFENSE

All allegations of the Amended Complaint not specifically hereinabove admitted are denied.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.

## FIFTH DEFENSE

Defendant Andre Johnson was not and is not an employee, servant and/or agent of this Defendant.

## SIXTH DEFENSE

Defendant committed no acts of negligence and/or other violations of the standard of care.

## SEVENTH DEFENSE

Defendant is not vicariously liable for any alleged negligence of any of the other Defendants.

## EIGHTH DEFENSE

At the times relevant to Plaintiff's claims, Defendant was not the employer, principal, or master of Defendant Johnson.

347647v.1

## NINTH DEFENSE

Defendant reserves the right to assert that Plaintiff failed to mitigate his

damages.

## TENTH DEFENSE

The injury or damage, if any, that Plaintiff may have sustained was caused solely

and proximately by conditions or disease processes or by the acts or omissions of

Plaintiff or by others for which the Defendant is not legally responsible.

## ELEVENTH DEFENSE

The Defendant demands strict proof of any damages claimed by Plaintiff in this

lawsuit.

## TWELFTH DEFENSE

Plaintiff is barred, in whole or in part, from obtaining the relief requested in the

Amended Complaint under the doctrines of unclean hands, and/or in pari delicto.

## THIRTEENTH DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused by

contributory negligence or the sole negligence of the Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused and/or are

barred by the Plaintiff's assumption of the risk.

## FIFTEENTH DEFENSE

Defendant denies all allegations of malicious, willful, and/or intentional conduct,

and demands strict proof thereof.

347647v.1

## SIXTEENTH DEFENSE

Without conceding the existence of an employment relationship between Ugly,

Inc., and Defendant Johnson at certain times relevant hereto, Defendant denies that the

alleged intentional torts of Defendant Johnson constituted conduct of the same general

nature as that conduct which the Defendant had authorized, or that it was incidental to

authorized conduct, and that the use of force by Defendant Johnson was foreseeable or

expectable by Ugly, Inc.

## SEVENTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process

Clauses of the Fifth and Fourteenth Amendments to the United States Constitution

because the standards of liability for punitive damages in the District of Columbia are

unduly vague and subjective, and permit retroactive, random, arbitrary and capricious

punishment that serves no legitimate governmental interest.

## EIGHTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process

Clauses of the Fifth and Fourteenth Amendments to the United States Constitution

because the District of Columbia's post-verdict review procedures for scrutinizing

punitive damage verdicts do not provide a meaningful constraint on the discretion of

juries to impose punishment.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural

safeguards accorded to defendants subject to punishment in criminal proceedings,

including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and

7

Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTIETH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clauses of the United States Constitution.

### TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### TWENTY-SECOND DEFENSE

The imposition of punitive damages in this case based upon evidence of Defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-FOURTH DEFENSE

Defendant reserve the right to assert such other and further defenses as may become apparent or available during pretrial proceedings.

WHEREFORE, having answered the Amended Complaint herein, Defendant requests that this matter be dismissed, that Defendant be awarded reasonable costs and attorneys' fees, and that the Court grant such other relief as it deems appropriate.

8

347647v.1

Respectfully submitted,

JACKSON & CAMPBELL, P.C.


/s/ Nicholas S. McConnell

By:_____

Nicholas S. McConnell (Bar No. 167742)
Maria A. Hall (Bar No. 488727)
1120 20th Street, N.W., South Tower
Washington, D.C.  20036
(202) 457-1600 – telephone
(202) 457-1678 – facsimile
NMcConnell@Jackscamp.com
MHall@Jackscamp.com

Counsel for Defendant Ugly, Inc.

347647v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this $25^{TL}$ day of June 2007, I caused a copy of the

foregoing Answer of Defendant Ugly, Inc., to Amended Complaint to be served

electronically and/or by first class-mail upon:

Barry S. Kopit, Esq.
1828 L Street, N.W., Suite 902
Washington, DC 20036
Counsel for Plaintiff Bryan Hacker

Raise the Bar, LLC
d/b/a Coyote Ugly
717 6th Street, N.W.
Washington, DC 20001

Jennifer Worthington
3012 S. Rancho Road
Las Vegas, NV  89102
Defendant

Andre Johnson
717 6th Street, N.W.
Washington, DC 20001

Maria A. Hall

10