IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| Bryan Hacker<br>4115 N. 16th Place<br>Arlington, VA 22207<br>    Plaintiff,<br><br>v.<br><br>Raise the Bar, LLC<br>d/b/a Coyote Ugly<br>717 6th Street, N.W.<br>Washington, DC 20001, et al.,<br>    Defendants | Civil Action No. 1:07-CV-01113-JDB |

## ANSWER OF DEFENDANT RAISE THE BAR, LLC

Defendant Raise the Bar, LLC (hereinafter "Defendant"), by counsel, answers the Amended Complaint herein as follows:

### First Defense

The Amended Complaint, and each and every Count thereof, fails to state a claim against Defendant upon which relief can be granted.

### Second Defense

For answer to the separately-numbered paragraphs of the Amended Complaint, Defendant states as follows:

1.    Admit.

2.    This Defendant denies, upon information and belief, that the Defendant identified in the Amended Complaint as Ugly, Inc., was the owner and/or operator of the establishment known as Coyote Ugly located at 717 6th Street, N.W. Washington, DC.

441704v.1

3.  This Defendant denies, upon information and belief, that the Defendant identified in the Amended Complaint as Jennifer Worthington, was the owner and/or operator of the establishment known as Coyote Ugly located at 717 6th Street, N.W. Washington, DC.

4.  Admitted.

5.  Denied as stated. Upon information and belief, on October 29, 2005, Plaintiff was a patron at the establishment identified in Plaintiff's Amended Complaint as "Coyote Ugly," which was open for service to the public.

6.  Denied as to the allegations that defendant's employees invited Plaintiff onto a dance stage. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 6 of the Amended Complaint, the legal effect of which is to deny the same.

7.  Denied.

8.  Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Amended Complaint, the legal effect of which is to deny the same.

9.  Denied.

## COUNT I
### (Assault)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

10.  Denied.

441704v.1

## COUNT II
### (Battery)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

11. Denied.

## COUNT III
### (Negligence)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

12. The allegations set forth in paragraph 12 constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given. To the extent an answer may be required, the allegations set forth in paragraph 12 are denied in the form alleged.

13. Denied.

## THIRD DEFENSE

All allegations of the Amended Complaint not specifically hereinabove admitted are denied.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.

## FIFTH DEFENSE

Defendant committed no acts of negligence and/or other violations of the standard of care.

441704v.1

## SIXTH DEFENSE

To the extent any individual employee acted in the manner alleged in the Amended Complaint herein, such conduct was outside the scope of employment by reason of which this Defendant is not vicariously liable as alleged.

## SEVENTH DEFENSE

Defendant reserves the right to assert that Plaintiff failed to mitigate his damages.

## EIGHTH DEFENSE

The injury or damage, if any, that Plaintiff may have sustained was caused solely and proximately by conditions or disease processes or by the acts or omissions of Plaintiff or by others for which the Defendant is not legally responsible.

## NINTH DEFENSE

The Defendant demands strict proof of any damages claimed by Plaintiff in this lawsuit.

## TENTH DEFENSE

Plaintiff is barred, in whole or in part, from obtaining the relief requested in the Amended Complaint under the doctrines of unclean hands, and/or in pari delicto.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused by contributory negligence or the sole negligence of the Plaintiff.

## TWELFTH DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused and/or are barred by the Plaintiff's assumption of the risk.

## THIRTEENTH DEFENSE

Defendant denies all allegations of malicious, willful, and/or intentional conduct, and demands strict proof thereof.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in the District of Columbia are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the District of Columbia's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

441704v.1

## SEVENTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clauses of the United States Constitution.

## EIGHTEENTH DEFENSE

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case based upon evidence of Defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTIETH DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to assert such other and further defenses as may become apparent or available during pretrial proceedings.

WHEREFORE, having answered the Amended Complaint herein, Defendant requests that this matter be dismissed, that Defendant be awarded reasonable costs and attorneys' fees, and that the Court grant such other relief as it deems appropriate.

441704v.1

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: /s/ Maria Hall
_____
Nicholas S. McConnell (Bar No. 167742)
Maria A. Hall (Bar No. 488727)
1120 20th Street, N.W., South Tower
Washington, D.C.  20036
(202) 457-1600 – telephone
(202) 457-1678 – facsimile
NMcConnell@Jackscamp.com
MHall@Jackscamp.com

Counsel for Raise the Bar, LLC

441704v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September 2007, I caused a copy of the foregoing Answer of Defendant Raise the Bar, LLC to Amended Complaint to be served electronically and/or by first class-mail upon:

>Barry S. Kopit, Esq.
>1828 L Street, N.W., Suite 902
>Washington, DC 20036
>Counsel for Plaintiff Bryan Hacker
>
>Ugly, Inc.,
>2640 U.S. Highway 9W.
>Cornwall, NY 12518
>Defendant
>
>Jennifer Worthington
>3012 S. Rancho Road
>Las Vegas, NV 89102
>Defendant
>
>Andre Thompson
>717 6th Street, N.W.
>Washington, DC 20001
>Defendant
>
>           /s/ Maria A. Hall
>           Maria A. Hall