IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| Bryan Hacker ) | |
| 4115 N. 16th Place ) | |
| Arlington, VA 22207 ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-01113-JDB |
| ) | |
| Raise the Bar, LLC ) | |
| d/b/a Coyote Ugly ) | |
| 717 6th Street, N.W. ) | |
| Washington, DC 20001, et al., ) | |
| ) | |
| Defendant ) | |

## JOINT REPORT PURSUANT TO LCvR 16.3

Plaintiff Bryan Hacker ("Plaintiff") and Defendant Raise the Bar, LLC, ("Defendant") have conferred through counsel in accordance with LCvR 16.3 and jointly submit the following report pursuant to LCvR 16.3:

**1.  Whether Case Is Likely To Be Resolved By Dispositive Motion.**

The Defendant contends that Count I (assault) and Count II (battery) may be resolved by dispositive motion. Defendant believes that a dispositive motion as to these counts is appropriate without discovery. Defendant believes that Count III (negligence) may be resolved by a dispositive motion once all parties have been joined and discovery has been accomplished. Plaintiff contends that any dispositive motion must wait until close of discovery.

**2.  Date For Joinder Of Other Parties.**

441704v.1

With the exception of Defendant Andre Johnson named in Plaintiff's Complaint, the Defendant contends that all appropriate parties are before the Court and further joinder is not necessary or anticipated, nor are any further amendments to pleadings necessary. Plaintiff reserves the right to join any previously dismissed party pursuant to the "Stipulation of Dismissal Without Prejudice of Defendants Ugly, Inc., and Jennifer Worthington," filed with this Court on October 9, 2007, and/or any other party, should Plaintiff deem it appropriate after discovery has been accomplished. The Defendant contends that any additional parties must be joined within 90 days after discovery opens. The Plaintiff contends that any additional parties must be joined at or before the close of discovery.

3. **Assignment To Magistrate Judge.**

The Defendant does not agree to the assignment of the case to a Magistrate Judge. Plaintiff does not object to this matter being assigned to a Magistrate Judge.

4. **Whether There Is A Realistic Possibility Of Settlement.**

The Plaintiff and Defendant agree that the possibility of settlement is unknown at this time.

5. **Whether Case Would Benefit From Court's ADR Procedures.**

The Plaintiff and Defendant agree that that once all parties have been joined and initial fact discovery has been accomplished, ADR might be helpful in resolving this matter.

6. **Whether Case Can Be Resolved By Summary Judgment Or Motion To Dismiss.**

The Plaintiff and Defendant would refer the Court to ¶ 1 above.

7.  **Whether To Dispense With Rule 26(a)(1) Initial Disclosures.**

The Plaintiff and Defendant agree to dispense with Rule 26(a)(1) initial disclosures and to obtain discovery through exchange of discovery requests and depositions as appropriate.

8.  **Anticipated Timing And Extent Of Discovery.**

The Plaintiff and Defendant agree that the discovery period should commence at such time as the Court orders following the Scheduling Conference. The Plaintiff and Defendant agree that the duration of discovery should be 270 days from the date of its commencement and that service of written discovery requests be effected no later than 33 days prior to the close of discovery deadline. The Plaintiff and Defendant anticipate that 8-10 depositions per side will be needed.

9.  **Expert Witness Reports Pursuant To Rule 26(a)(2).**

The Plaintiff and Defendant agree that the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should not be modified. The Plaintiff and Defendant propose the following timetable for expert discovery:

- Plaintiff's expert report is due no later than 90 days after discovery opens.
- Plaintiff's expert should be made available for deposition within 120 days after discovery opens.
- Defendant's expert report is due no later than 210 days after discovery opens.
- Defendant's expert should be made available for deposition within 240 days after discovery opens.
- All Discovery ends 270 days after discovery opens.

441704v.1

**10.  Class Action Procedures.**

This is not a class action.

**11.  Bifurcation.**

The parties do not believe that the case should be bifurcated.

**12.  Pretrial Conference and Trial Date.**

The parties propose that a Pretrial Conference be set for the period within the sixty (60) days following the close of discovery.

**13.  Setting Trial Date.**

The parties agree that a trial date should be set at the Pretrial Conference.

**14.  Other Matters.**

There are no other matters.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| LAW OFFICES JAY S. WEISS, P.C. /s/ Barry S. Kopit | JACKSON & CAMPBELL, P.C. /s/ Maria A. Hall |
| Barry S. Kopit (Bar No. 419025) Jay S. Weiss (Bar No. 29652) 1828 L Sreet, N.W. Suite 902 Washington, DC 20036 202-872-1545 Counsel for Plaintiff Bryan Hacker | Nicholas S. McConnell (Bar No. 167742) Maria A. Hall (Bar No. 488727) 1120 20th Street, N.W., South Tower Washington, D.C. 20036 (202) 457-1600 – telephone (202) 457-1678 – facsimile NMcConnell@Jackscamp.com MHall@Jackscamp.com Counsel for Defendant Raise the Bar, LLC. |

441704v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2007, I caused copies of the foregoing Joint Report Pursuant to LCvR 16.3 to be served electronically and/or by first class mail upon:

>Barry S. Kopit (Bar No. 419025)
>1828 L Street, N.W.
>Suite 902
>Washington, DC  20036
>202-872-1545
>Counsel for Plaintiff
>Bryan Hacker
>
>Andre Johnson
>717 – 6[th] Street, N.W.
>Washington, DC 20001

>/s/ Maria A. Hall
>_____
>Maria A. Hall

441704v.1