IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| Bryan Hacker<br>4115 N. 16th Place<br>Arlington, VA  22207<br><br>            Plaintiff,<br><br>    v.<br><br>Raise the Bar, LLC<br>d/b/a Coyote Ugly<br>717 6th Street, N.W.<br>Washington, DC 20001, et al.,<br><br>            Defendants. | Civil Action No.  1:07-CV-01113-JDB |

## ANSWER OF DEFENDANT ANDRE THOMPSON
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Andre Thompson, by counsel, answers the Amended Complaint as per the Stipulations of Dismissal filed on October 9, 2007 and November 30, 2007, herein as follows:

### First Defense

The Amended Complaint, and each and every Count thereof, fails to state a claim against Defendant upon which relief can be granted.

### Second Defense

For answer to the separately-numbered paragraphs of the Amended Complaint, Defendant states as follows:

   1.   Admit.

706950v.1

2. This paragraph refers to a party that has been dismissed from the Complaint pursuant to the Stipulation of Dismissal filed on October 9, 2007, and therefore no answer is required and none is given.

3. This paragraph refers to a party that has been dismissed from the Complaint pursuant to the Stipulation of Dismissal filed on October 9, 2007, and therefore no answer is required and none is given.

4. Admitted.

5. Denied as stated. Upon information and belief, on October 29, 2005, Plaintiff was a patron at the establishment identified in Plaintiff's Amended Complaint as "Coyote Ugly," which was open for service to the public.

6. Denied.

7. Denied.

8. Defendant denies the allegation that Plaintiff was thrown to the ground. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 8 of the Amended Complaint, the legal effect of which is to deny the same.

9. Denied.

## COUNT I
## (Assault)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

10. Count I has been dismissed pursuant to the Stipulation of Dismissal filed on November 30, 2007 and therefore no answer is required and none is given.

706950v.1

## COUNT II
### (Battery)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

11. Count II has been dismissed pursuant to the Stipulation of Dismissal of filed on November 30, 2007 and therefore no answer is required and none is given.

## COUNT III
### (Negligence)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

12. The allegations set forth in paragraph 12 constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given. To the extent an answer may be required, the allegations set forth in paragraph 12 are denied in the form alleged.

13. Denied.

## THIRD DEFENSE

All allegations of the Amended Complaint not specifically hereinabove admitted are denied.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.

## FIFTH DEFENSE

Defendant committed no acts of negligence and/or other violations of the standard of care.

706950v.1

## SIXTH DEFENSE

To the extent any individual employee acted in the manner alleged in the Amended Complaint herein, such conduct was outside the scope of employment by reason of which this Defendant is not vicariously liable as alleged.

## SEVENTH DEFENSE

Defendant reserves the right to assert that Plaintiff failed to mitigate his damages.

## EIGHTH DEFENSE

The injury or damage, if any, that Plaintiff may have sustained was caused solely and proximately by conditions or disease processes or by the acts or omissions of Plaintiff or by others for which the Defendant is not legally responsible.

## NINTH DEFENSE

The Defendant demands strict proof of any damages claimed by Plaintiff in this lawsuit.

## TENTH DEFENSE

Plaintiff is barred, in whole or in part, from obtaining the relief requested in the Amended Complaint under the doctrines of unclean hands, and/or in pari delicto.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused by contributory negligence or the sole negligence of the Plaintiff.

706950v.1

## TWELFTH DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused and/or are barred by the Plaintiff's assumption of the risk.

## THIRTEENTH DEFENSE

Defendant denies all allegations of malicious, willful, and/or intentional conduct, and demands strict proof thereof.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in the District of Columbia are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the District of Columbia's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and

706950v.1

Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### SEVENTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clauses of the United States Constitution.

### EIGHTEENTH DEFENSE

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### NINETEENTH DEFENSE

The imposition of punitive damages in this case based upon evidence of Defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTIETH DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-FIRST DEFENSE

Defendant reserves the right to assert such other and further defenses as may become apparent or available during pretrial proceedings.

WHEREFORE, having answered the Amended Complaint herein, Defendant requests that this matter be dismissed, that Defendant be awarded reasonable costs and attorneys' fees, and that the Court grant such other relief as it deems appropriate.

706950v.1

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: /s/ Maria Hall
_____
Nicholas S. McConnell (Bar No. 167742)
Maria A. Hall (Bar No. 488727)
1120 20th Street, N.W., South Tower
Washington, D.C. 20036
(202) 457-1600 – telephone
(202) 457-1678 – facsimile
NMcConnell@Jackscamp.com
MHall@Jackscamp.com

Counsel for Defendants

7

706950v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2008, I caused a copy of the foregoing Answer of Defendant Andre Thompson to Amended Complaint to be served electronically and/or by first class-mail upon:

>Barry S. Kopit, Esq.
>1828 L Street, N.W., Suite 902
>Washington, DC 20036
>Counsel for Plaintiff Bryan Hacker

>/s/ Maria A. Hall
>Maria A. Hall